UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL JOHN HUSTEN, | Case No. 22-CV-2347 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION AS MODIFIED |
| BRIAN COLLINS, *Warden - Moose Lake Correctional Facility, Minnesota Department of Corrections*, PAUL SCHNELL, *Commissioner-Minnesota Department of Corrections, Sole Authority of the Minnesota Parole Board*, REBECCA HOLMES-LARSON, *Executive Office of the Hearings and Release Office, for the Minnesota Department of Corrections, Delegate of the Minnesota Parole Board*, | |
| Respondents. | |

The Court has received the March 8, 2023, Report and Recommendation of United States Magistrate Judge Tony N. Leung. (ECF No. 25.) No party has objected to that Report and Recommendation, and the Court therefore reviews it for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 25) is ACCEPTED as modified;

2. The Amended Petition for Writ of Habeas Corpus (ECF No . 20-2)[1] is DENIED;

3. Petitioner's Motion for Preliminary Injunction and/or Protective Order (ECF No. 10) is DENIED as moot;

4. Petitioner's Motion for Default Judgment (ECF No. 15) is DENIED as moot;

5. Petitioner's Motion to Dismiss (ECF No. 28) is DENIED as moot[2];

6. The action is DISMISSED WITHOUT PREJUDICE; and

7. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 23, 2023                     BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge

---

[1] The R&R refers to the Amended Complaint as ECF No. 1. This is incorrect. The correct ECF No. for the Amended Complaint is ECF No. 20-2.

[2] After the R&R was filed, Husten moved to voluntarily dismiss his petition. (ECF No. 28.) The Court could allow dismissal under Rule 41(a). *Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996) (holding a petitioner may voluntarily dismiss his petition at any time before service of the answer or a motion for summary judgment). For reasons explained in the R&R, the Court dismisses the action for failure to meet Section 2254(b)'s exhaustion requirement.